1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
ELLEN GUSIKOFF STEWART (144892)
ANDREW J. BROWN (160562)
NATHAN R. LINDELL (248668)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
elleng@rgrdlaw.com
andrewb@rgrdlaw.com
nlindell@rgrdlaw.com

Lead Counsel for Plaintiffs

# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE BELODOFF, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| NETLIST, INC., et al., | ) ) ) |
| Defendants. | ) ) ) ) |

Lead Case No.
  SACV-07-00677-DOC(MLGx)

CLASS ACTION

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

DATE:      September 30, 2010
TIME:       8:30 a.m.
COURTROOM:    The Honorable
                        David O. Carter

577840_1

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated April 19, 2010, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated February 16, 2010 (the "Stipulation").  Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.    This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Class.

3.    The Court hereby certifies the following class for settlement purposes only:

Lead Plaintiff and all Persons or entities (and their beneficiaries) who purchased or otherwise acquired Netlist common stock pursuant to or traceable to Netlist's November 29, 2006 initial public offering during the Class Period.  Excluded from the Class are the Defendants; any officers or directors of Netlist during or after the Class Period; any corporation, trust or other entity in which any Defendant has a controlling interest; and the members of the immediate families of the Individual Defendants or their successors, heirs, assigns, and legal representatives.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

- 1 -

577840_1

4.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Class.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6.      Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses, as to Defendants, the Litigation and all Released Claims of the Class with prejudice, without costs as to any Settling Party, except as and to the extent provided in the Stipulation and herein.

7.      Upon the Effective Date hereof, Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

8.      Upon the Effective Date hereto, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

9.      Lead Plaintiff, all members of the Class, the successors and assigns of any of them, and anyone claiming through or on behalf of any of them, are hereby permanently barred, enjoined and restrained from instituting, commencing or prosecuting, either directly or in any other capacity, in the Litigation or any other

577840_1

1    action or proceeding any Released Claims against any of the Released Persons.  The
2    Released Claims against each and all of the Released Persons shall be released and
3    dismissed with prejudice and on the merits.  Nothing in this paragraph shall release
4    the Released Claims against the Released Persons of any Person who submitted a
5    timely, signed request for exclusion from the Class and who did not submit a timely,
6    signed request to revoke the prior request for exclusion and are identified on Exhibit 1
7    attached hereto ("Opt-Out Plaintiffs").

8            10.    The Notice of Pendency and Proposed Settlement of Class Action given
9    to the Class was the best notice practicable under the circumstances, including the
10   individual notice to all members of the Class who could be identified through
11   reasonable effort.   Said notice provided the best notice practicable under the
12   circumstances of those proceedings and of the matters set forth therein, including the
13   proposed settlement set forth in the Stipulation, to all Persons entitled to such notice,
14   and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23
15   and the requirements of due process.

16           11.    Any plan of allocation submitted by Lead Counsel or any order entered
17   regarding any attorneys' fee and expense application shall in no way disturb or affect
18   this Judgment and shall be considered separate from this Judgment.

19           12.    Neither the Stipulation nor the settlement contained therein, nor any act
20   performed or document executed pursuant to or in furtherance of the Stipulation or the
21   settlement: (a) is or may be deemed to be or may be used as an admission of, or
22   evidence of, the validity of any Released Claim, or of any wrongdoing or liability of
23   Defendants or their respective Related Parties, or (b) is or may be deemed to be or
24   may be used as an admission of, or evidence of, any fault or omission of any of the
25   Defendants or their respective Related Parties in any civil, criminal, or administrative
26   proceeding in any court, administrative agency, or other tribunal.  Defendants and/or
27   their respective Related Parties may file the Stipulation and/or the Judgment from this
28   action in any other action in which they are parties or that may be brought against

- 3 -

them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

14.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15.     In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

577840_1

1        17.    There is no reason for delay in the entry of this Final Judgment and Order

2    of Dismissal with Prejudice and immediate entry by the Clerk of the Court is

3    expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

4        IT IS SO ORDERED.

5

6    DATED: September 30, 2010        _David O. Carter_

                                    THE HONORABLE DAVID O. CARTER

7                                      UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28